MEMPHIS CHAMBER OF COMMERCE *v.* CITY OF MEMPHIS
*et al.*

(*Jackson,* April Term, 1921.)

1. **TAXATION.** Property used ''purely'' and ''exclusively'' for religious, charitable, and like purposes exempt from taxation.

Under Constitution article 2, section 28, providing that property used for purpose "purely" religious, charitable, scientific literary, or edu_cational may be exempted from taxation, and Acts 1907, chapter 602, section 2, subsection 2, exempting such property when used "ex- clusively" for the purpose for which the institution was created, all property is exempt from taxation, which is used exclusively for religious, charitable, scientific, or educational purposes; the words "purely" and "exclusively" being synonymous and requiring that the property be used wholly for the purposes mentioned, and not to any extent, for gain or profit, unless the gain or profit be used for the purposes mentioned. (*Post. p.* 296.)

Acts cited and construed: Acts 1907, ch. 602, sec. 2, subsec. 2; Acts 1875, ch. 142, sec. 1, par. 4.

Cases cited and approved: Ward Seminary v. Nashville, 129 Tenn., 412; Cumberland Lodge v. Nashville, 127 Tenn., 248.

Case cited and distinguished: M. E. Church South v. Hinton, 92 Tenn., 190.

Code cited and construed: Sec. 2513 (5) (S.);

Constitution cited and construed: Art. 2, sec. 28.

2. **TAXATION.** Chamber of Commerce not exempt as charitable or educational institution.

A Chamber of Commerce, though not a corproation for profit, can_not claim the benefit of the exemption from taxation extending to religious, charitable, scientific, or educational institutions; the mere fact that it administers to charity or gives, educational in-

struction along certain lines not rendering it an educational or charitable institution. its primary object, as stated in its charter being to promote the business and commercial interest of the city. (*Post, pp.* 296, 297.)

Case cited and approved:  Tri-State Fair v. Rowton, 140 Tenn., 304.

---

### FROM SHELBY.

---

Error to the Chancery Court of Shelby County.—HON. ISRAEL H. PERES, Chancellor.

L. D. BEJACK and CHURCH & GANNAWAY, for plaintiff.

W. P. ARMSTRONG, for defendants.

MR. JUSTICE HALL delivered the opinion of the Court.

This appeal was prosecuted by the complainant, Memphis Chamber of Commerce, to the court of civil appeals from a decree of the chancellor dismissing its bill on demurrer. That court having affirmed the action of the chancellor, the cause is now before this court for review upon complainant's petition for writ of *certiorari.*

Only one question is presented for determination, and that is whether or not the complainant's property, located in the city of Memphis, Shelby county, Tenn., is exempt from taxes under a proper construction of article 2, section 28, of the Constitution of Tennessee, and subsection 2 of section 2 of chapter 602 of the Public Acts of the General Assembly of said State for the year 1907, passed pursuant to the constitutional provision above noted?

Complainant claims that its property is exempt under said constitutional and statutory provisions, because it is a corporation operated purely for religious, charitable, scientific, or educational purposes, and that all of its property is used exclusively for the purposes for which said corporation was created.

In the year 1920 a building owned by complainant in the city of Memphis was assessed for taxes for said year by T. C. Scarborough, tax assessor for the city of Memphis, the amount of taxes assessed against said property amounting to $500. These taxes were subsequently paid by complainant to the city tax collector of Memphis under protest, and this action was seasonably brought by complainant to recover said taxes so paid under protest, and the bill, also prayed that the defendants be restrained from hereafter assessing and collecting taxes from complainant on its property.

In determining the question of complainant's liability for the taxes assessed against its property, it is necessary to ascertain the powers and purposes of the defendant under the charter granted it by the State. It was organized and chartered under the provisions of the general incorporation laws (Acts 1875, chapter 142, section 1, par. 4; Shannon's Annotated Code, section 2513, [5]) as a corporation for general welfare and not for profit. The general powers and purposes of said corporation are stated in its charter to be as follows:

"The general purposes of the corporation shall be the support of any literary or scientific undertaking, as a college or university, with powers to confer degrees, an academy, a debating society, lyceum, the establishment of a library, the support of a historical society, the pro-

motion of painting, music or the fine arts, the support of boards of trade, of chamber of commerce, or other objects of like nature; and especially to promote the commercial interests and general welfare of the city of Memphis, Tennessee; to provide quarters in the nature of club rooms for the accommodation and convenience of the business men of said city, in which also visitors may be entertained; to encourage business men of other communities to visit said city, and to provide for their entertainment; to induce manufactures to locate their factories in Memphis, and to encourage the investment of foreign capital in said city; to arrange for visits of the business men of Memphis into the surrounding country for the purpose of encouraging and fostering friendly business and social relations with the citizens of neighboring communities, and to advertise the city of Memphis."

Said charter of incorporation further provides:

"That the general welfare of society and not individual profit is the object for which this charter is granted and hence the members are not stockholders in the legal sense of the term and no dividend or profit shall be divided among the members."

It appears from the bill and its Exhibit A that the principal purpose, efforts, and work of complainant are to promote the commercial interests and general welfare of the city of Memphis, as expressly stated in its charter. As appears from Exhibit A, which is the annual reports of the work of complainant, it is engaged—among other things—in the improvement of labor conditions, foreign trade and merchant marine, traffic and transportation, good roads and highways, municipal civic conditions, and public health in the city of Memphis.

It is also engaged in agricultural development in the Memphis territory, and uses its best efforts to encourage the location of new industries and enterprises in the city of Memphis. It entertains conventions and distinguished visitors who may visit the city, and looks after other matters of public interest to the city of Memphis and its citizens. For instance, it takes an interest in law enforcement, education, and the public safety of the citizens of Memphis.

Article 2, section 28, of our constitution, provides as follows:

"All property, real, personal or mixed, shall be taxed, but the legislature may except such as may be held by the State, by counties, cities or towns, and used exclusively for public or corporation purposes, and such as may be held and used for purposes purely religious, charitable, scientific, literary or educational, and shall except one thousand dollars' worth of personal property in the hands of each taxpayer, and the direct product of the soil in the hands of the producer, and his immediate vendee."

The statute based on this provision of the constitution, in so far as the same bears upon the question under consideration, exempts the following property from taxation:

"All property belonging to any religious, charitable, scientific, or educational institutions, when used exclusively for the purpose for which the institution was created, or is unimproved and yields no income. All property belonging to such institution used in secular business and competing with a like business that pays taxes to the State shall be taxed on its whole or partial

value in proportion as the same may be used in competition with secular business." Subsection 2 of section 2, chapter 602, Acts of 1907.

The construction which has been given to the above provision of the Constitution, and to revenue statutes similar to the act of 1907, is that all property is rendered exempt from taxation which is used exclusively for religious, chartiable, scientific or educational purposes. *Ward Seminary* v. *Nashville*, 129 Tenn., 412, 167 S. W., 113; *Cumberland Lodge* v. *Nashville*, 127 Tenn., 248, 154 S. W., 1141.

In *M. E. Church South* v. *Hinton*, 92 Tenn., 190, 21 S. W., 322, is was said: "The fundamental ground upon which all such exemptions are based is a benefit conferred upon the public by such institutions, and a consequent relief to some extent of the burden upon the State to care for and advance the interests of its citizens."

The words "purely" and "exclusively" are synonymous, and require that the property be used wholly for the purposes mentioned, and not to any extent for gain or profit, unless the gain or profit be used for the purposes mentioned. *Lodge* v. *Nashville, supra; Church* v. *Hinton, supra.*

Now, can complainant be termed a corporation operated exclusively for religious, charitable, scientific or educational purposes?

We think not. It is true it is not a corporation for profit, but, as before stated, its primary object is to promote the business and commercial interests of the city of Memphis. This is expressly stated in its charter. We are of the opinion, therefore, that it cannot claim the

benefit of the exemption extended to religious, charitable, scientific, or educational institutions. The mere fact that it administers to charity, or may give instructions of an educational nature along certain lines, does not render it an educational or charitable institution in the sense of our constitution and statute exempting the property of such institutions from taxation.

In *Tri-State Fair* v. *Rowton,* 140 Tenn., 304, 204 S. W., 761, L. R. A., 1918F, 657, this court held that the Tri-State Fair at Memphis, which was chartered and organized under the same statute that complainant was chartered and organized under, and was an organization similar in character to complainant, was not a charitable, scientific, or educational organization, and was therefore liable for injuries occasioned by the negligence of its officers and agents.

This court also held in the case of *W. B. Woods, administrator,* v. *Business Men's Club of Memphis,* Shelby Law, manuscript opinion, in which case the defendant was the same institution now involved as complainant here, but whose charter was subsequently amended by changing its name only, that said institution was not a scientific, charitable, or educational institution, but was a social and a co-operative organization among the business men of Memphis for the purpose of improving the business interests of the city of Memphis.

We do not think there is any error in the decree of the court of civil appeals, and the writ is denied.