TENNESSEE MINING & MANUFACTURING CO. *v.* COOPER, GOV-
ERNOR, *et al.*

(*Nashville,* December Term, 1939.)

Opinion filed May 18, 1940.

NORMAN B. MORRELL and J. W. COOPER, both of Knox-
ville, for plaintiff.

230

Roy H. Beeler, Attorney-General, and W. F. Barry and Dudley Porter, Jr., Assistant Attorneys-General, for defendants.

Mr. Chief Justice Green delivered the opinion of the Court.

Petition for *certiorari* was filed herein to review the action of the state board of equalization in the matter of the assessment of the petitioner's property in Anderson County. The chancellor dismissed the petition and an appeal was taken to this court.

The petitioner is the owner of about 54,000 acres of land in Scott, Campbell and Anderson Counties. About 20,000 acres of this land is located in Anderson County. It is concerning the assessment in Anderson County alone that complaint is made.

The tax assessor in Anderson County fixed the value of petitioner's property therein at $160,000. On appeal the county board of equalization reduced the assessment to $158,000. On further appeal to the state board of equalization, the latter tribunal affirmed the action of the county board of equalization. The petitioner insists that the fair valuation of its property in Anderson County is $107,600.

The chancellor was of the opinion that a mere question of valuation was involved and that the conclusion of the state board of equalization upon this matter was final. This ruling was consistent with many previous decisions of this court applying statutory provisions giving finality to valuation fixed by municipal and state boards of equalization. The rule has been that a statute making conclusive the value fixed by such board of equalization would be enforced so long as such board did

not act illegally, fraudulently, or in excess of its jurisdiction. *Tomlinson* v. *Board of Equalization,* 88 Tenn., 1, 12 S. W., 414, 6 L. R. A., 207; *Savage Co.* v. *City of Knoxville,* 167 Tenn., 642, 72 S. W. (2d), 1057; *Anderson* v. *Memphis,* 167 Tenn., 648, 72 S. W. (2d), 1059; *Treadwell Realty Co.* v. *City of Memphis,* 173 Tenn., 168, 116 S. W. (2d), 997, and other cases.

That such has been the rule is conceded by counsel for the petitioner, but it is insisted that the provision of the present Code with reference to valuations fixed by the board of equalization differs from previous statutes before the court.

Section 1456 of the Code is as follows: ''Said state board shall have jurisdiction of, and it shall be its duty, to equalize during its session the assessments of all properties in the state, including any appeals which may be filed by merchants from the action of the superintendent of taxation. The action of the state board shall be final and conclusive as to all matters passed upon by said board, subject to judicial review; and such taxes shall be collected upon the valuation found and fixed by said board. (1921, ch. 113, sec. 14; 1919, ch. 1, sec. 10; 1923, ch. 7, sec. 25.)''

This section of the Code is based primarily on section 14, chapter 113, of the Pub. Acts of 1921, which contains this language: ''The action of the State Board of Equalization . . . shall be final and conclusive as to all matters passed upon by said Board, and such taxes shall be collected upon the valuation found and fixed by said Board.''

Previous statutory provisions considered by the court were substantially the same as the provision contained in the Act of 1921 just above set out.

It will be observed that the last sentence of section 1456

of the Code is identical with the language quoted from the Act of 1921, except that the Code adds to the first clause of the last sentence of this section the words "subject to judicial review." It is accordingly urged that, since the adoption of the Code, a valuation fixed by the board of equalization is not final, but is subject to judicial review.

█ We think this is a mistaken view. The provision of the Code is that the action of the state board shall be final and conclusive as to all matters passed upon by said board, subject to judicial review. A semicolon then follows and the last clause of the Code section provides "such taxes shall be collected upon the valuation found and fixed by said board." This is imperative. The board of equalization passes on other matters, apart from the valuation of the property involved. Under section 1456, its conclusion with respect to such other matters is subject to judicial review. The phrase subject to judicial review, however, does not qualify the last clause of this section which directs that taxes shall be collected upon the board's valuation. Had it been intended to make the valuation subject to judicial review, the qualifying phrase would have been added at the conclusion of the sentence. Instead of that a semicolon separates the qualifying phrase from the concluding direction.

Action of the board of equalization upon various matters, other than valuation, has always been subject to judicial review. The interpolation of those words when the statute was codified was evidently designed to make the matter plain, not to change the law.

It will be observed that in a parenthesis following section 1456 of the Code are contained references to the legislative acts upon which that section was rested, namely, Acts of 1921, chapter 113, section 14; Acts of 1919, chap-

ter 1, section 10; Acts of 1923, chapter 7, section 25. In the preface to the official Code of 1932 the commissioners note that "Sections that are modified in substance, even though but slightly, for the most part have appended to them the indication, 'Modified.' Occasionally, but not usually, where the modification is only verbal, the same indicating word is used." Section 1456 does not have the word "Modified" appended to it. It is obvious, therefore, that those who codified our statutes in 1932 did not suppose they were changing the law which made the valuation of the state board of equalization conclusive by the insertion of the words subject to judicial review in another connection, although in the same section.

For these reasons, we think that we are not justified in departing from the well-established rule in this jurisdiction and undertaking to substitute our ideas as to the proper valuation of petitioner's lands for the valuation fixed by the state board of equalization.

We may add that the record sent up by the board of equalization has been examined by us and there is quite as much, perhaps more, evidence supporting the valuation fixed by the board than the valuation claimed by the petitioner. The petitioner here asserts that some of this evidence was filed without notice to it and without its having an opportunity to rebut the same. The record, however, does not show such to be the case. It does not show that there was any application by petitioner to the board to be permitted to cross-examine these witnesses nor any refusal by the board to consider further evidence on behalf of petitioner.

We find no error in the decree of the chancellor, and the same must be affirmed.