THE OAK RIDGE HOSPITAL OF THE METHODIST CHURCH, INC., Appellee, v. CITY OF OAK RIDGE, TENNESSEE, Appellant (3 suits).

THE OAK RIDGE HOSPITAL OF THE METHODIST CHURCH, INC., Appellee, v. COUNTY OF ANDERSON, TENNESSEE, Appellant (2 suits). No. 14. —420 S.W.(2d) 583.

Eastern Section. March 30, 1967.

Certiorari Denied by Supreme Court November 6, 1967.

488

Luther M. Reed, Oak Ridge, for City of Oak Ridge.

Harry Lillard, Oak Ridge, for Anderson County.

David E. Rodgers and Jackson C. Kramer, Knoxville, for The Oak Ridge Hospital of the Methodist Church, Inc.

PARROTT, J. These suits concern the tax exempt status of two tracts of property in Oak Ridge, Tennessee, owned by Oak Ridge Hospital of the Methodist Church, Inc. The hospital initiated these suits in the chancery court by filing original bills against the City of Oak

Ridge and Anderson County seeking a refund of ad valorem taxes which were paid under protest for the years in question. From the Chancellor's decree holding the properties were not subject to taxes, Anderson County and City of Oak Ridge have appealed to this Court.

The facts in the cases are undisputed and come to this Court in the form of a stipulation. It is admitted that the hospital is a general welfare corporation and its property is entitled to a tax exempt status under the provision of T.C.A. 67-502(2) so long as its property meets the terms of the statute.

Since there are two tracts of property involved (Parcel 384 and 385A) and the problems pertaining to them are quite different, in an effort to obtain clarity, we will consider the two tracts separately.

Considering Parcel 384 first, we find that in June 1960 the hospital acquired from the United States of America, Parcels 384A and 384 as identified by the city plat and records. At the time of this transfer and now, the hospital building was located on Parcel 384A which is not involved in this litigation.

In the latter part of 1961, construction was commenced on Parcel 384 of a Medical Arts Building which was to be used in the future to house doctors' offices. The building was completed and ready for use in March 1962. For the year 1962 both the city and county levied an ad valorem assessment on Parcel 384 and the partially completed Medical Arts Building. The hospital paid these taxes under protest and filed these suits against the county and city seeking refunds.

In the original bills it was alleged that on January 10th, the effective date of the assessment, the building was not

completed or in use. Therefore, it should be permitted to retain its tax exempt status through the year 1962.

In the answers of the City and County it is admitted the building was not completed on January 10, 1962, but it is averred that the State Board of Equalization on October 1, 1962, approved the assessment and ruled the property was taxable and contends this ruling is final and conclusive so as to be a bar to these suits. The answers further aver that even though the building was still under construction and not ready for use on January 10th, the property was subject to assessment because it was no longer being used for purposes which would entitle a tax exemption.

We disagree with appellant's contention the Board of Equalization's findings were final and conclusive so as to bar these suits. It has long been the rule that the action of the Board of Equalization upon matters other than valuation are subject to judicial review. The question of whether or not this property would enjoy a tax exemption is purely a question of law and addresses itself to the courts of this state. Tennessee Mining and Mfg. Co. v. Cooper, 176 Tenn. 229, 140 S.W.2d 411; City of Nashville v. State Board of Equalization, 210 Tenn. 587, 360 S.W.2d 458.

It is our opinion the question of whether this property is subject to taxes for the year 1962 is controlled by the decision of our Supreme Court in the case of Mid-State Baptist Hospital, Inc. v. City of Nashville, 211 Tenn. 599, 366 S.W.2d 769. Chief Justice Burnett, speaking for the Court in an unanimous opinion, made it clear that the taxable day in Tennessee is January 10th of each year [T.C.A. 67-606] and the use of property on that day

determines whether or not it is subject to tax. In the opinion of that case there is quoted with approval from the case of New Orleans Bank and Trust Co. v. City of New Orleans, 176 La. 946, 147 So. 42, as follows:

" 'The taxable status of property relates to a certain day in each year. There must be some day of the year as of which the power to tax property at all is determined. That day fixes the power to tax with reference to whether the property was exempt from taxation on that date. If the property is exempt on the tax day, it is not liable for taxes during that fiscal year, although it afterwards goes into the hands of those not exempt.' "

The opinion makes it clear that use, not intention, is what determines whether property will be subject to taxation. At page 607, 366 S.W.2d at page 773 we find the following:

" * * * when property thus immune has been put back into competition with other properties by someone receiving rents, etc., from the property, the logic of the situation is that until this property is thus in a position to be used in competition with other properties, it should hold its immunity from taxation until this happens."

■ Since it is stipulated that the building was not completed and in use on January 10, 1962, and the property was never assessed for taxes and was continuously treated as exempt for prior years as in Mid-State Baptist Hospital, Inc. v. City of Nashville, supra, we must concur in the Chancellor's finding and decree that Parcel 384 was not subject to taxation by either the county or city for the year 1962.

Turning now to Parcel 385A which is vacant unimproved property situated in close proximity to the hospital. It appears from the record this property has been continuously assessed for taxes and treated as non-exempt. The rule of Mid-State Baptist Hospital v. City of Nashville, supra, would not apply. We cannot tell from the record the exact location of the property but according to appellant's brief, this parcel is located east of Parcel 384. Thus the Medical Arts Building is between the hospital and the vacant lot.

The hospital acquired this property by private purchase in 1961. The stipulated testimony of the Executive Director of the Hospital states the purpose in acquiring the property was to make it a part of the hospital complex with a possible future use as a site for children's or maternity hospital. It appears this property was on the tax rolls at the time the hospital acquired it and has remained assessed since its acquisition.

It is the appellant's insistence that the hospital is not entitled to hold tax exempt property for possible future use or expansion. In support of this insistence, appellants rely on and cite T.C.A. 67-502 and the case of City of Nashville v. State Board of Equalization, 210 Tenn. 587, 360 S.W.2d 458.

T.C.A. 67-502 provides:

"The property herein enumerated shall be exempt from taxation:

\* \* \* \* \* \*

"(2) The real estate owned by any religious, charitable, scientific or educational institution and occupied by such institution or its officers exclusively for carrying out

thereupon one (1) or more of the purposes for which said institution was created or exists * * *.

"* * * The real property of any such institution not so used exclusively for carrying out thereupon one (1) or more of such purposes, but leased or otherwise used for other purposes, whether the income received therefrom be used for one (1) or more of such purposes or not, shall not be exempt; but if a portion only of any lot or building of any such institution is used exclusively for carrying out thereupon one (1) or more of such purposes of such institution, then such lot or building shall be so exempt only to the extent of the value of the portion so used, and the remaining or other portion, to the extent of the value of such remaining or other portion, shall be subject to taxation."

In the case of City of Nashville v. State Board of Equalization, supra, Justice Felts goes into a comprehensive and historic review of the cases and statutes pertaining to tax exempt property in this state. In considering T.C.A. 67-502, the Court held that the language of the statute was clear and the meaning plain. The opinion sets out the conditions that must be met if real property is to be exempt from taxation by saying:

"As said above, the plain intent of this Act is to exempt such an institution's real estate only when it is both (1) 'occupied' and (2) 'used exclusively' by the institution for *one of its charter purposes*; and the exemption is denied not only to property 'leased' by it to others, but also to property occupied by it but 'not used exclusively' for a charter purpose."

In the present case we can say the property meets the above test by being "occupied" by a charitable institu-

tion. But can it be logically said the property meets the second part of the test of being "used exclusively" by the institution for "one of its charter purposes?" The Chancellor was of the opinion the property did qualify. However, we are unable to agree with his conclusion for the following reasons.

■ The hospital only shows an indefinite intention to use this vacant property sometime in the future for charitable purposes. In our opinion such does not qualify the property within the terms of the statute. Property not used for any purpose but held for future development cannot be said to be "exclusively" devoted to carry out the charitable purposes of the hospital nor is it shown to be necessary to carry out its charter provisions. Furthermore, we are mindful of the holding in the case of Mid-State Baptist Hospital v. City of Nashville, supra, which made the criterion of exemption use, not intention. It is apparent the occupation and use of the property must be such as to contribute presently or in the very immediate future to the operation of the charitable institution if the institution is going to enjoy a tax exempt status of the property.

■ Consequently, we believe that property owned by a charitable institution but not being used at all by the institution and such is held merely for the purpose and with the intention of erecting at some future time buildings for said purely charitable purposes is not sufficient to qualify as tax exempt property under our present statute [T.C.A. 67-502].

For cases holding such, see annotations in 34 A.L.R. 634, 668; 62 A.L.R. 328, 335; 108 A.L.R. 284, 294.

Particularly is this true where, as in this case, the property is not contiguous or adjacent to other properties used by the charitable institution for its charter purposes or in the absence of a showing the property was necessary for use by the institution.

In fear of misunderstanding, we want to make it perfectly plain that in this opinion we are not saying that all vacant or unused property of a charitable, benevolent or educational institution is subject to tax. The only determination made herein is that property admittedly held for future use by a charitable institution is subject to tax. Necessarily, it follows that once the institution puts the property to an exclusive use for its beneficent purposes, then such property would be removed from the tax roll.

For the above reasons we affirm the Chancellor's decree pertaining to Parcel 384, and reverse the decree as to Parcel 385A, with the costs of this appeal being evenly divided among the parties.

McAmis, P. J., and Cooper, J., concur.