McDOWELL DEVELOPMENT
CORPORATION,
Plaintiff-Appellant,

v.

Glenn FERGUSON, Trustee, Metropolitan Government of Nashville and Davidson County, Tennessee and Jane Ann Woods, Commissioner of Revenue of the State of Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section.

Aug. 25, 1978.

Certiorari Denied by Supreme Court
April 9, 1979.

J. Michael Franks, Manier, White, Herod, Hollabaugh & Smith, Nashville, for plaintiff-appellant.

John P. Long and James D. Luther, Nashville, Metropolitan attorney for Metro Government.

MATHERNE, Judge.

The plaintiff sues for a refund of taxes paid to the defendant metropolitan government for the years 1972 through 1976 on approximately 10 acres of land erroneously assessed to the plaintiff for those years. The plaintiff alleged that the taxes were assessed and paid through the mutual mistake of the parties. The defendants filed a motion to dismiss on the ground that the statutory remedy for recovery of erroneous tax payments had not been complied with and, accordingly, the complaint failed to state a claim upon which relief could be granted.

By agreed order the chancellor dismissed Jane Ann Woods, Commissioner of Revenue of the State of Tennessee as not a proper nor necessary party to the lawsuit. The chancellor sustained the motion of the defendant metropolitan government to dismiss the lawsuit because of want of jurisdiction of the subject matter. The plaintiff appeals. The only issue is whether the plaintiff may file suit to recover taxes paid by mutual mistake of the parties where those taxes were not paid under protest.

In *Fentress County Bank v. Holt* (Tenn. 1976) 535 S.W.2d 854, the Court summarized the manner by which erroneously paid municipal and county taxes may be refunded. Citing *State v. Delinquent Taxpayers* (Tenn.1975) 526 S.W.2d 453, the Court held that under present statutes municipal taxes must be paid under protest and suit brought for their refund, T.C.A. §§ 67–2303, 2313, or administrative review of the assessment through local and state boards of equalization must be sought. Under the authority of *Holloway v. Putnam County* (Tenn.1976) 534 S.W.2d 292, the Court in *Fentress County Bank* held that taxpayer has two remedies for the recovery of county taxes, (1) the administrative procedure provided under T.C.A. § 67–2301 and (2) payment under protest and a common law suit for recovery. The Court further held that the aggrieved taxpayer could challenge the assessment of county taxes by following the administrative procedure set out at T.C.A. § 67–801 et seq., without first paying the tax under protest.

We are mindful that the Metropolitan Government of Nashville and Davidson County, Tennessee incorporates what once was the government of the city of Nashville with what was the government of Davidson County into one metropolitan government. This consolidation of governmental functions is authorized by Article XI, Section 9 of the state constitution.

We do not deem it necessary to decide whether the taxes paid by the plaintiff are to be considered city taxes or county taxes. In either event the plaintiff did not comply with nor follow any one of the procedures set out for obtaining a refund of taxes erroneously paid.

The decree of the chancellor is affirmed at the cost of the plaintiff-appellant.

NEARN and SUMMERS, JJ., concur.