GOLDSMITH'S DIVISION, FEDERATED DEPARTMENT STORES, INC., Plaintiff-Appellant,

v.

The CITY OF MEMPHIS and David Browder, Collector of Licenses and Privileges; The County of Shelby and Richard Hackett, Shelby County Court Clerk; and John King, Commissioner, Department of Revenue of the State of Tennessee, Defendants-Appellees.

Supreme Court of Tennessee, at Jackson.

Feb. 22, 1982.

Hubert A. McBride, Joseph B. Walker and William A. Carson, II, Memphis, for plaintiff-appellant.

Clifford D. Pierce, Jr., and Paul F. Goodman, Memphis, for Memphis & Browder.

George T. Lewis, Jr. and Britton Lamb, Memphis, for County and Hackett.

Joe C. Peel, Asst. Atty. Gen., Nashville, for King, Commissioner.

## OPINION

DROWOTA, Justice.

This is an appeal by Goldsmith's Division, Federated Department Stores, Inc. ("Goldsmith's") of the granting, by the Shelby County Chancery Court, of motions to dismiss filed by the five defendants: the City of Memphis and its Collector of Licenses and Privileges ("City"); Shelby County and its County Court Clerk ("County"); and John King, Commissioner of the Tennessee Department of Revenue ("Commissioner"). Goldsmith's filed an action on August 25, 1980 for relief from overpayment of taxes under the Business Tax Act, T.C.A. § 67–5801 et seq. Because the case is before us on motions to dismiss, the allegations of the complaint will be taken as true.

The business tax is a tax in lieu of all ad valorem taxes on inventories of merchandise held for sale or exchange. T.C.A. § 67–5801. A business such as Goldsmith's is required to pay such taxes to each county and/or incorporated municipality in which it does business, and which levies such tax. T.C.A. § 67–5802. Under T.C.A. § 67–5807, each taxpayer with more than one place of business in a city or county may file a consolidated tax return for all locations in a single jurisdiction. The "appropriate tax collecting officials" shall furnish the necessary forms to the taxpayer upon request. Under T.C.A. § 67–5814, certain credits are allowable to persons filing and paying the business tax.

This case centers upon the taxes due from Goldsmith's for 1973, which would have become delinquent on March 1, 1974; and for 1974, which would have become delinquent on March 1, 1975. Goldsmith's desired to consolidate the § 67–5814 credit for all of its business locations in the City and County, respectively, asserting that this was permissible under § 67–5807, which allows a consolidated return. The complaint alleges that the City and County refused to accept returns with the credits calculated in this manner. Goldsmith's thus filed returns with the credit taken separately for each location.

This Court held in *Worrall v. Kroger Co.*, 545 S.W.2d 736 (Tenn.1977), that the business tax credit could indeed be consolidated in a given jurisdiction. This being the case, Goldsmith's alleges that it overpaid its taxes by a net amount of $8,993.91 to the City and $16,533.58 to the County.

Goldsmith's brought this action pursuant to the last paragraph of T.C.A. § 67–5814 (Public Acts of 1973, Ch. 260, § 1), which provides as follows:

The amount of any credit allowable under this section but not permitted or allowed by any local governmental unit official shall be refunded by the responsible, appropriate local governmental unit official to each person to whom the credit has not been properly permitted or allowed. It shall be the duty of responsible, appropriate local governmental unit officials to furnish proper claim forms and to refund to each person the amount of any credit which has been disallowed. If the appropriate local governmental unit official shall fail to make a refund in accordance with this paragraph within six (6) months of the delinquency date for any person taxable under this chapter, then the commissioner shall notify the state treasurer of the amount of refunds not made by the appropriate local governmental unit official. Upon receiving notification from the commissioner, the state treasurer shall withhold and transfer to an appropriate account from any amount due such local governmental unit

by the state a sufficient amount to cover the amount of refunds not made by appropriate local governmental unit officials. From such amounts withheld by the state treasurer, the commissioner shall then refund, in accordance with prescribed procedures, to each person the amount for which each person has not been allowed credit and has not been refunded by appropriate local governmental unit officials.

Goldsmith's alleges that it "attempted on numerous occasions to obtain refunds" from Memphis, Shelby County and the Department of Revenue. "At no time were proper claim forms provided;" and the City and County have not refunded the credits which should have been allowed. When the local governments did not act within six months of the delinquency dates, Goldsmith's made a written request to the Commissioner to perform as directed above. He never did so. It therefore brought this action seeking alternative relief: a refund of the taxes, with interest, from the City and County (that is, an action for money had and received), or for a writ of mandamus compelling the Commissioner of Revenue to act as the above statute directs.

The defendants based their motions to dismiss upon numerous grounds, but the Chancellor's ruling was limited to the following holdings: (1) As to the County, Goldsmith's did not pay the taxes under protest as required by the common law. (2) As to the City, T.C.A. § 67–2313 requires taxes to be paid under protest and a suit for refund brought within thirty days; this requirement was not waived by T.C.A. § 67–5814, yet Goldsmith's did not comply therewith. (3) As to the Commissioner, an action for a writ of mandamus could be brought in Shelby County as well as Davidson County. The City and County were dismissed for Goldsmith's failure to proceed as required. The Commissioner was evidently dismissed because the other defendants were dismissed.

We affirm the Chancellor's ruling that the Commissioner could be sued in Shelby County, in an action where he is a codefendant against whom alternative relief is sought. T.R.C.P. 20. However, we reverse his dismissals of the Commissioner, City and County. We hold that payment under protest under T.C.A. Title 67, Chapter 23 is not a prerequisite to recovery of taxes from the City under T.C.A. § 67–5814, and that common law payment under protest is not a prerequisite to such recovery from the County. We do not reach or decide any of the other issues raised first in defendants' motions to dismiss and again by all parties on appeal to this Court, because they were not addressed by the Chancellor.

The defendants very forcefully argue that payment must have been made under protest and a suit brought for recovery, relying upon the common law with respect to the County portion of the business tax, and upon T.C.A. § 67–2313, incorporating §§ 67–2303—67–2308 and §§ 67–2310 and 67–2312, with respect to the City portion.

Section 67–2313 provides as follows:

The provisions of §§ 67–2303—67–2308, inclusive, and §§ 67–2310—67–2312, inclusive, shall apply to the recovery of all taxes collected by any of the municipalities of this state. In order to carry out the legislative intent that all of said sections, which now apply to the recovery of state taxes erroneously paid, be conformed to apply also to the recovery of taxes erroneously paid to municipalities, the following provisions are added:

The municipal officer collecting any municipal taxes paid under protest shall pay such revenue into the municipal treasury and at the time of payment, shall give notice to the mayor and board of commissioners or other governing body of such municipality that the same were paid under protest. If it be finally determined by any court having jurisdiction of any suit brought within thirty (30) days after such payment under protest against said municipality to recover such taxes that the same were wrongfully collected as not being due from the said party to the municipality, the municipality shall refund such taxes with such interest as the court may determine to be proper, not

exceeding the legal rate, and shall pay the costs of the cause. The city attorney or other legal officer of such municipality shall conduct the defense of such suit.

Language from relevant sections incorporated in the above section is:

> In all cases where not otherwise provided in which an officer, charged by law with the collection of revenue due the state, shall institute any proceeding, or take any steps for the collection of the sum alleged or claimed to be due, by said officer, from any citizen, the person against whom the proceeding or step is taken shall, if he conceives the same to be unjust or illegal, or against any statute or clause of the Constitution of the state, pay the same under protest.

T.C.A. § 67–2303.

> The person paying said revenue may, at any time within six (6) months after making said payment, and not longer thereafter, sue the said officer having collected said sum, for the recovery thereof.

T.C.A. § 67–2305.

> There shall be no other remedy in any case of the collection of revenue, or attempt to collect revenue illegally, or attempt to collect revenue in funds only receivable by said officer under the law, the same being other or different funds than such as the taxpayer may tender, or claim the right to pay, than that above provided.

T.C.A. § 67–2310.

> No writ for the prevention of the collection of any revenue claimed, or to hinder and delay the collection of the same, shall in anywise issue, either injunction, supersedeas, prohibition, or any other writ or process whatever; but in all cases in which, for any reason, any person shall claim that the tax so collected was wrongfully or illegally collected, the remedy for said party shall be as above provided, and in no other manner.

T.C.A. § 67–2311.

It is easy to infer from the language of §§ 67–2310 and 67–2311, *supra*, that the only way in which to recover any taxes from a municipality is via payment under protest and suit. However, this Court has held that in several situations, alternative remedial procedures are available to the taxpayer. The reason for this is that T.C.A. § 67–2303 requires payment under protest, etc., *except where otherwise provided.* Where such an alternative procedure exists, it may exempt the taxpayer, either expressly or impliedly, from the requirements of Chapter 23. Among such circumstances are the following: If an improper assessment is made, the taxpayers may follow administrative procedures through the boards of equalization and the courts. T.C.A. § 67–801, et seq. See *Fentress County Bank v. Holt,* 535 S.W.2d 854, 856 (Tenn.1976); *Fort v. Dixie Oil Co.,* 170 Tenn. 183, 93 S.W.2d 1260 (1936); *Bank of Commerce & Trust Co. v. Senter,* 149 Tenn. 569, 595–596, 260 S.W. 144 (1923). If an executor or administrator deems the levy of state inheritance taxes excessive, he may go through the State Board of Equalization with right of appeal to the courts, under T.C.A. § 30–1620. *Bracey v. Woods,* 571 S.W.2d 828 (Tenn.1978). In *Watauga Valley Gas Co. v. Evans,* 192 Tenn. 413, 241 S.W.2d 511 (1951), we held valid a statute providing a means for recovery by certain butane and propane gas companies of inspection fees paid to the Commissioner of Finance and Taxation.

T.C.A. Title 67, Chapter 23 has not set out a statutory procedure for recovery of county taxes by payment under protest followed by a lawsuit. It has applied only to the state and to municipalities. Historically, the means for recovering county taxes has been payment under protest followed by a common law action for recovery. We have recently held that this remains the method generally applicable, and that the action for recovery is in the nature of an action for money had and received, for which the statute of limitations is six years. *Holloway v. Putnam County,* 534 S.W.2d 292 (Tenn.1976). However, we recognized in that case that an alternative remedy had been made available to county taxpayers: T.C.A. § 67–2301 permits county court clerks to "settle and adjust with taxpayers

all errors and double assessments of county taxes erroneously or illegally collected and to direct the refunding of the same." The taxpayer must file his claim with the clerk within one year of paying the tax. We held that this was a "permissive and alternative administrative remedy," but "not mandatory or exclusive," with regard to errors and double assessments of county taxes. It did not apply to errors of law, as to which payment under protest with suit for recovery remained the only remedy.

It has more recently been held that as to refunds of county taxes, payment need not have been made under formal protest if the payment was in fact involuntary and under duress. *Stroop v. Rutherford County*, 567 S.W.2d 753 (Tenn.1978); *Bill's Institutional Commissary Corp. v. Shelby County*, 584 S.W.2d 805 (Tenn.App.1979).[1]

Other cases wherein we have held that payment *must* be made under protest have generally involved actions brought at common law or for a declaratory judgment. See *Fentress County Bank v. Holt, supra; I. C. R. Co. v. Garner*, 193 Tenn. 91, 241 S.W.2d 926 (1951); *American Can Co. v. McCanless*, 183 Tenn. 491, 193 S.W.2d 86 (1946); *Fort v. Dixie Oil Co., supra; Bank of Commerce & Trust Co. v. Senter, supra; City of Nashville v. Smith*, 86 Tenn. 213, 6 S.W. 273 (1887). We do not feel that the present holding undermines or conflicts with the law as it has existed heretofore.

▬▬▬ We hold that the § 67–5814 procedure for refund of business tax credits "allowable but not permitted or allowed" is a "permissive and alternative administrative remedy" to payment under protest and suit for recovery. It is not "mandatory or exclusive" and the taxpayer may pursue either one or the other (although there is nothing to prevent the taxpayer from first paying under protest as it did in *Worrall, supra* ). We do not feel that the Chapter 23 procedures can be read into or superimposed upon § 67–5814. The Chapter 23 remedy is complete in itself, and § 67–5814 would be entirely without meaning, a point-

less exercise, for one who had exhausted the procedures and appeals available under Chapter 23. As we observed in *United States v. Boyd*, 211 Tenn. 139, 363 S.W.2d 193 (1962), with regard to amendments to the use tax provisions of the Tennessee Retailers' Sales Tax Act, "[s]uch a construction ... leaves the 1955 amendments without any force. We do not believe that they were intended as superfluous language or that the Legislature intended to do an idle thing by adopting said amendments." *Id.*, 363 S.W.2d at 203. Further, the time sequences presumed by the two schemes are at variance. Under Chapter 23, the taxpayer pays the disputed tax and must sue within six months (against the state) or thirty days (against the municipality) of such *payment.* Under § 67–5814, the local officials have six months from the *delinquency date* of the taxes during which to furnish proper claim forms to the taxpayer and refund the credit in question. Six months after the delinquency date, the duty of the Commissioner commences. The conclusion is inescapable that the Legislature intended § 67–5814 to be a separate procedure from that set out in Chapter 23.

We therefore affirm the Chancellor's holding that the Commissioner may be joined as a co-defendant in an action brought in Shelby County; reverse the remainder of his decree dismissing the action; and remand the cause for further proceedings not inconsistent with this opinion. Should it be determined on grounds other than those addressed herein that the § 67–5814 remedy is not available to Goldsmith's, it will become necessary to determine whether or not Goldsmith's paid the taxes to Shelby County under sufficient duress to entitle it to sue without having paid under formal protest, in accordance with the guidelines set forth in *Stroop, supra* and *Bill's Institutional Commissary Corp., supra.*

The costs of this cause shall be taxed to appellees.

HARBISON, C. J., and FONES, COOPER and BROCK, JJ., concur.

1. With respect to the foregoing, the Legislature recently enacted Acts 1981, Ch. 275, effective July 1, 1981, which basically makes Chapter 23 applicable to counties.