**DOWNTOWN HOSPITAL ASSOCIATION, Petitioner–Appellee,**

v.

**TENNESSEE STATE BOARD OF EQUALIZATION and Claude A. Ramsey, as Assessor of Hamilton County, Tennessee, Respondents–Appellants.**

Court of Appeals of Tennessee, Middle Section.

July 22, 1988.

Application for Permission to Appeal Denied by Supreme Court Nov. 7, 1988.

Gary D. Lander, Chambliss, Bahner, Crutchfield, Gaston & Irvine, Chattanooga, for petitioner-appellee.

W.J. Michael Cody, Atty. Gen. and Reporter, William P. Sizer, Asst. Atty. Gen., Nashville, for respondents-appellants.

William R. Willis, Jr., Marian F. Harrison, Alan D. Johnson, Nashville, for Hospital Alliance of Tennessee, Inc., amicus curiae appellee.

## OPINION

LEWIS, Judge.

This is an appeal by the defendant, Tennessee State Board of Equalization (Board) from the judgment of the Chancellor reversing the Board's decision holding that plaintiff, Downtown Hospital Association (DHA), is not a charitable institution exempted from property taxation.

DHA is a Tennessee not-for-profit corporation and operates the Downtown General Hospital in Chattanooga, Tennessee.

In May 1983, DHA made application for exemption from property taxes. That exemption was denied by the Board's staff attorney. DHA appealed to the Administrative Law Judge (ALJ) as provided by the Board's procedure. The ALJ determined that DHA was entitled to a property tax exemption as a charitable institution.

The Hamilton County Assessor of Property appealed the ALJ's decision to the Assessment Appeals Commission.

Following a hearing, the Assessment Appeals Commission affirmed the decision of the ALJ.

The Hamilton County Assessor then filed a petition for review before the Board.[1]

The Board heard the matter on a written stipulation of facts, oral proof and exhibits, and, thereafter, reversed the Assessment Appeals Commission. The Board's final order was entered on June 23, 1987, holding that DHA was not entitled to an exemption from property taxation.

DHA filed a petition for review in the Chancery Court for Davidson County pursuant to Tenn.Code Ann. § 4-5-322.

The Chancellor, after a hearing and consideration of the entire record, found that the order of the Board should be reversed because:

> Downtown Hospital Association is a charitable institution and is entitled to an exemption from taxation pursuant to the provisions of T.C.A. § 67-5-212 ... and because the [Board] exceeded its statutory authority and violated the tax exemption statute in denying [DHA's] applications for exemption.

The Board presents the issue of "[w]hether the Chancellor erred in holding that a non-profit hospital is entitled per se to a property tax exemption as a charitable institution."

Article 2, § 28, of the Constitution of the State of Tennessee, provides in pertinent part that "all property real, personal or mixed shall be subject to taxation, but the Legislature may except ... such as may be held and used for purposes purely religious, charitable, scientific, literary or educational, ..."

Article 2, § 28, delegates the power to grant a tax exemption to the Legislature.

In exercising this power, the Legislature enacted Tenn.Code Ann. § 67-5-212, the pertinent portions of which are as follows:

> **Religious, charitable, scientific, educational institutions.**—(a)(1)    There shall be exempt from property taxation the real and personal property, or any part thereof, owned by any religious, charitable, scientific or nonprofit educational institution which is occupied and

---

1. DHA filed a motion before the Board challenging the legal standing of the Hamilton County Assessor to contest an exemption approved by the Assessment Appeals Commission when the Assessor was not acting at the official request of any government having taxing authority over the subject property in Hamilton County. The Board overruled the motion. However, this issue is not before us for resolution.

used by such institution or its officers purely and exclusively for carrying out thereupon one or more of the purposes for which the institution was created or exists....

....

(c) As used hereinabove, "charitable institution" shall include any nonprofit organization or association devoting its efforts and property, or any portion thereof, exclusively to the improvement of human rights and/or conditions in the community.

In 15 Am.Jur.2d Charities § 183 at 220–21 (1976) it is stated:

The word "hospital" in its popular usage denotes a charitable institution; it is only where income may be used for the profit of the owners that a hospital corporation ceases to be a charity. A corporation the object of which is to provide a general hospital for sick persons, having no capital stock or provision for making dividends or profits, deriving its funds mainly from public and private charity and holding them in trust for the object of sustaining the hospital, and conducting its affairs for the purpose of administering to the comfort and healing of the sick, without expectation or right on the part of those immediately interested in the corporation to receive compensation for their own benefit, is a public charitable institution. Moreover, the [fact] that a corporation established for the maintenance of a public hospital, by its rules requires of its patients payment for their board according to their circumstances and the accommodation they receive, ... [does] not render it the less a public charity.

In 1928 our Supreme Court decided *Baptist Hosp. v. City of Nashville*, 156 Tenn. 589, 3 S.W.2d 1059 (1928), wherein the principal issue was whether Baptist Hospital was "used exclusively for charitable purposes" if it accepted payment from patients for services rendered. The parties agreed that Baptist charged for services rendered to between eighty-five and ninety percent of its patients. *Id.* at 591, 3 S.W.2d at 1060.

The Court, in defining charity, stated:

A precise and complete definition of a legal charity is hardly to be found in the books, but it is certain that in legal parlance the word "charity" has a much wider significance than in common speech. Probably the most comprehensive and carefully drawn definition of a charity that has ever been formulated is that it is a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in its nature. Another definition capable of being easily understood and applied is that given by Lord Camden as follows: "A gift to a general public use, which extends to the poor as well as the rich." The theory of this is that the immediate persons benefited may be of a particular class, and yet if the use is public in the sense that it promotes the general welfare in some way, it has the essentials of a charity. Again, charity has been declared to be active goodness; the doing good to our fellow men, fostering those institutions that are established to relieve pain, to prevent suffering, and to do good to mankind in general, or to any class or portion of mankind.

*Id.* at 592–93, 3 S.W.2d at 1060.

The Court went on to say:

Provided a corporation or association can otherwise be classed as a charitable one, the fact that it receives pay from some of [its] ... patients ... detracts nothing from its character as a purely charitable institution.

*Id.* at 593, 3 S.W.2d at 1060.

Our reading of the record leads to but one conclusion. The Board disregarded the

standards set forth in *Baptist Hosp. v. City of Nashville* and the many cases which have followed [2] and instead based its decision on the majority holding in *Utah County v. Intermountain Health Care, Inc.,* 709 P.2d 265 (Utah 1985).

The issue in *Utah County,* 709 P.2d 265, was whether a nonprofit hospital was exempt from ad valorem taxes under the Utah Constitution. The Utah County Court, in denying the hospital a charitable exemption, stated that to qualify as a "charitable institution" there must exist a "substantial imbalance" in the exchange between the charity and the recipient of its services or in the lessening of a government burden through the charity's operation. *Id.* at 269.

The Board, in denying DHA's tax exemption, relied on *Utah County,* stating:

> Certainly, activities which benefit the community may be indicative of charitable use, but not all activities which benefit the community are charitable. For example, state law requires Downtown General Hospital to treat in its emergency room all patients with a medical emergency regardless of the patient's ability to pay. Certainly, such services are beneficial to the community, but fulfilling an obligation mandated by law does not constitute charity. In order for a service to be characterized as a charitable activity beneficial to the community there should be a substantial imbalance in the exchange between the charity and a recipient of its services or there should be a lessening of the government's burden through the charity operation.

In denying DHA's exemption, the Board adopted the "substantial imbalance" test, only one of the six factors the three-to-two majority of the Utah County Court set forth.[3]

■ We are of the opinion that Justice Stewart's dissent in *Utah County* more succinctly states the rule that Tennessee has followed since *Baptist Hosp. v. City of Nashville,* supra. In his dissent, he states in part:

> The majority's ruling represents a sharp and singular break with traditional legal principles. It is black letter law that non-profit hospitals which are operated for the benefit of the public at large, and not for the benefit of any individual or group of individuals, and whose revenues are used for the charitable purposes of the organization are charitable institutions.

709 P.2d at 281 (Stewart, J. dissenting).

We agree with Chancellor Brandt that "[t]he thrust of the Utah test [as adopted by the majority] is that a nonprofit hospital cannot be exempted from property taxes if the hospital receives substantial payment for the services it renders to patients, from whatever source."

We also agree with the Chancellor that Tenn.Code Ann. § 67–5–212 which defines

---

**2.** Among those are *Shared Hosp. Services Corp. v. Ferguson,* 673 S.W.2d 135 (Tenn.1984); *Methodist Hospitals of Memphis v. The Assessment Appeals Comm.,* 669 S.W.2d 305 (Tenn.1984); *Metropolitan Gov't of Nashville v. State Bd. of Equalization,* 543 S.W.2d 587 (Tenn.1976); *Mid-State Baptist Hosp., Inc. v. City of Nashville,* 211 Tenn. 599, 366 S.W.2d 769 (1963); *Oak Ridge Hosp. of the Methodist Church, Inc. v. City of Oak Ridge,* 57 Tenn.App. 487, 420 S.W.2d 583 (1967).

**3.** The full *Utah County* test is:

(1) Whether the stated purpose of the entity is to provide a significant service to others without immediate expectation of material reward;

(2) Whether the entity is supported, and to what extent, by donations and gifts;

(3) Whether the recipients of the "charity" are required to pay for the assistance received, in whole or in part;

(4) Whether the income received from all sources (gifts, donations, and payment from recipients) produces a "profit" to the entity in the sense that the income exceeds operating and long-term maintenance expenses;

(5) Whether the beneficiaries of the "charity" are restricted or unrestricted and, if restricted, whether the restriction bears a reasonable relationship to the entity's charitable objectives; and

(6) Whether dividends or some other form of financial benefit, or assets upon dissolution, are available to private interests, and whether the entity is organized and operated so that any commercial activities are subordinate or incidental to charitable ones. 709 P.2d at 269–70.

the term "charitable institution" contains no such requirement. Under Tenn.Code Ann. § 67–5–212, any nonprofit organization or association which devotes its efforts to improvement of conditions in the community is a charitable institution and exempted from property taxation.

■ DHA, which operates the Downtown General Hospital, is a nonprofit corporation. Its charter provides that it is a charitable corporation which is to provide a general hospital for the Chattanooga area "with the ultimate aim of promoting civic improvement in the well being of man."

The evidence is clear that the corporation's directors are unpaid volunteers. Its principal revenue source is the payment for services by medicare and medicaid and all of its revenue is used for operating expenses, debt retirement, maintenance and improvements. If the corporation is dissolved, its assets will be vested in the City of Chattanooga.

The Tennessee State Board of Equalization exceeded its statutory authority and violated Tenn.Code Ann. § 67–5–212 by adopting a standard which conflicts with the exemption statute as interpreted by the Tennessee Supreme Court in *Baptist Hosp. v. City of Nashville*, 156 Tenn. 589, 3 S.W. 2d 1059 (1928).

The judgment of the Chancellor is therefore affirmed with costs assessed to the State Board of Equalization and the cause remanded to the Chancery Court for the collection of costs, implementation of its judgment, and for any further necessary proceedings.

CANTRELL, J., concurs.

WILLIAM H. INMAN, Special Judge, did not participate.