IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 22, 2005

## STATE EX REL. WALTER J. DAVIS v. ABC BRENTWOOD LOCKSMITH SERVICE, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 28643     R.E.Lee Davies, Chancellor**

---

**No. M2004-00638-COA-R3-CV- Filed October 20, 2005**

---

Appellant is a defendant in a delinquent tax suit by Williamson County for business personal property taxes for the year 2000. The trial court granted summary judgment to the plaintiff because the defendant had not utilized his available administrative remedies, and Defendant appealed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Trippe S. Freid, Nashville, Tennessee, pro se.

William J. Yost, Franklin, Tennessee, for the appellees, State of Tennessee and Walter J. Davis, Williamson County Trustee.

**OPINION**

The facts of this case are not in dispute. Appellant is a practicing attorney who moved his offices from Franklin, Williamson County, Tennessee, to Nashville, Davidson County, Tennessee, in October of 1999 with offices thereafter remaining in Davidson County and no offices being maintained in Williamson County. Personal property taxes on the business of the appellant for the year 2000 were assessed by Williamson County. There had been no prior assessment made on his business personal property. While the appellant remained a resident of Williamson County, Tennessee, during the year 2000, his office was located in Nashville for the entirety of that year. Appellant was not assessed for personal property taxes by the Metropolitan Government of Nashville for any of the years 2000, 2001 and 2002.

This suit by the Williams County Attorney sought to recover delinquent taxes for the year 2000 and was filed March 28, 2002, in the Chancery Court for Williamson County. The suit was brought pursuant to the provisions of Tennessee Code Annotated section 67-5-2401 *et seq.* for the collection of delinquent taxes due to Williamson County and the city of Franklin along with other taxes and other entities not involved in the issues at bar.

The Statement of Undisputed Material Facts filed by the plaintiff pursuant to Tennessee Rule of Civil Procedure 56.03 is undisputed by the defendant and discloses the following history.

1. The Assessors Office of Williamson County, Tennessee in the ordinary course of its business assessed the business personal property of the Defendant, Trippe S. Freid for the year 2000.
2. The Defendant was sent notice of the assessment of his business personal property in the ordinary course of business by the Assessor's Office.
3. The Defendant did not appeal his assessment to the Board of Assessment Appeals or the Board of Equalization and has not utilized the available administrative appeal process and remedies.
4. The tax assessed to the Defendant appears on the tax rolls of Williamson County Tennessee maintained by the Trustee for 2000.
5. The Trustee has not received payment according to the books and records of his office for the year 2000.
6. The unpaid taxes in question were transmitted by the Trustee to the Clerk and Master for collection and their collection through this Court is the subject matter of this litigation.
7. The Defendant has not paid the amounts due and owing for her delinquent taxes to the Clerk and Master of the Court.

Another fact asserted by the defendant and undisputed by the plaintiff is that the defendant's office was located in Nashville for the entirety of the calendar year 2000.

On February 4, 2004, the Chancellor granted summary judgment to the plaintiff because Defendant had failed to utilize his available administrative remedies and had not paid the assessed delinquent taxes under protest. Defendant Freid filed a timely appeal.

An answer by taxpayer to complaint for the collection of delinquent taxes is not an acceptable method of contesting the validity of the underlying assessment. Statutory systems for contesting tax assessments by both the State of Tennessee and by counties and cities as arms of the State of Tennessee are of ancient origin both in Tennessee and elsewhere as is discussed at length in *Ward v. Alsup*, 46 S.W. 573, 576-77 (Tenn.1898).

Under a companion statutory scheme, a Metropolitan Nashville taxpayer challenged by independent action in Chancery Court a tax assessment by Metropolitan Government of Nashville

and Davidson County without first paying the taxes under protest. In reversing the trial court, the Supreme Court held:

> Sections 67-2303 et seq., T.C.A., provide a full, complete, orderly and exclusive remedy for the taxpayer who conceives himself wronged by an improper exercise of the taxing power. This statutory scheme contemplates payment of disputed tax liability as a condition precedent to a suit for a refund. There is no statutory predicate for a suit for the forgiveness of taxes, penalty, or interest, and no case law in this jurisdiction supports such a procedure.
>
> The statutory scheme provides, in clear and cogent language, that where proceedings are instituted for the collection of revenue due the municipality, the taxpayer:
>
>> (s)hall, if he conceives the same to be unjust or illegal, or against any statute or clause of the Constitution of the state, *pay the same under protest*. (Emphasis supplied) Sec. 67-2303, T.C.A.
>
> The whole theory of this exclusive remedy for contesting tax liability is that tax revenues are the lifeblood of public corporate existence and public bodies may not be frustrated in the performance of essential governmental functions by postponements or delays in their collection. *Bank of Commerce and Trust Co. v. Senter*, 149 Tenn. 569, 260 S.W. 144 (1924)
>
> In *Tidwell v. Goodyear Tire & Rubber Company*, 520 S.W.2d 721 (Tenn.1975), we recognized the traditional power of courts of equity to relieve against forfeitures and penalties. Indeed this is a broad equitable power, but in a case such as this, it may only be invoked pursuant to payment under protest.

*State v. Delinquent Taxpayers as shown on 1972 Real Property Delinquent Tax records of the Metropolitan Government of Nashville and Davidson County, Tennessee*, 526 S.W.2d 453, 454 (Tenn.1975)(footnotes omitted).

Most clearly controlling in the case at bar is *Fentress Cty. Bank v. Holt*, 535 S.W.2d 854 (Tenn.1976) wherein the Supreme Court held:

> In the present case, none of these remedies or procedures has been utilized. Instead the taxpayers have brought a direct action for declaratory judgment in the courts, challenging the validity of their assessments, without either first paying the tax or seeking review of the assessments through the boards of equalization. The question presented is whether an action may be maintained under these circumstances
>
> . . .

It appears that there has been some ambiguity or uncertainty in the case law, insofar as procedural requirements are concerned, as to when a taxpayer may file a direct action challenging the legality of his assessment. We are of the opinion that it is proper to require the taxpayer to pay his county taxes under protest before being permitted to file such direct action in the courts to recover them or to challenge the legality of his assessment.

We believe that the *Rosewood* decision is a sound one, and that a taxpayer ought not to be required in all cases to go through boards of equalization or other administrative procedures in order to raise strictly legal issues. He may go through these agencies, of course, without first paying his taxes. He should, however, be permitted access to the courts to raise purely legal questions, but only after he has first paid the taxes under protest.

Accordingly, any earlier cases in this state, which may have permitted direct suits against county taxing authorities without first requiring payment of the taxes under protest, are now modified. A county taxpayer may follow the procedure approved in *Rosewood, supra*, pay his county taxes, and file suit to recover them, when he only seeks to present legal questions as to the validity of his assessment; or he may go through the equalization boards, challenging any aspect of his assessment, without first paying the disputed taxes.

He may not, however, have access to the courts without first pursuing one or the other of these courses of procedure.

*Fentress Cty. Bank*, 535 S.W.2d at 856-57.

Having failed to avail himself of administrative remedies or pay his assessed taxes under protest, Plaintiff may not resort to court.

The judgment of the trial court is in all respects affirmed with costs assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE

-4-