IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2010 Session

**NAOMI SCHUTTE, AS ADMINISTRATOR OF THE ESTATE OF WILLIAM ANTHONY LUCY, deceased v. CHEYENNE JOHNSON, SHELBY COUNTY ASSESSOR ET AL.**

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-07-0180-3     Kenny Armstrong, Chancellor**

**No. W2009-01453-COA-R3-CV - Filed March 2, 2010**

This appeal arises out of an action to refund tangible personal property taxes. The administrator of a decedent's estate filed suit against the Shelby County Assessor of Property and the Shelby County Trustee following the payment of delinquent taxes. The administrator alleged that prior forced assessments of the decedent's property were illegal, arbitrary, and unduly excessive. The chancery court determined it did not have subject matter jurisdiction to hear the case. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Jerry H. Schwartz, Memphis, Tennessee, for the appellant, Naomi Schutte, as Administrator of the Estate of William Anthony Lucy.

Brian L. Kuhn, Shelby County Attorney, Thomas E. Williams, Assistant County Attorney and Dedrik Brittenum, Jr. Assistant County Attorney, Memphis, Tennessee, for the appellee(s), Cheyenne Johnson, Shelby County Assessor and Paul Matilla, Shelby County Trustee.

**OPINION**

The plaintiff/appellant, the administrator of the estate of William Anthony Lucy, deceased, filed suit against the Shelby County Assessor of Property and the Shelby County Trustee to challenge forced assessments of tangible personal property used in the decedent's

towing company from 2001 to 2004. The decedent indisputably failed to file tangible personal property schedules for the affected period, necessitating forced assessments of the property pursuant to Tennessee Code Annotated section 67-5-903. The gravamen of the complaint and amended complaint was that the resulting assessments did not accurately value the decedent's property; rather, the assessor applied a yearly increase in value of thirty-five percent without considering previous data on file for the decedent's account, data from comparable accounts, or data collected during any field visits – factors the assessor must consider pursuant to Rule 0600-5-.06(5) of the Rules of the Tennessee State Board of Equalization.[1] The administrator alleged that the failure to comply with Rule 0600-5-.06(5) amounted to "fraudulent, reckless, malicious and intentional behavior on the part of the Assessor . . . ." The amended complaint asked the chancery court to review the assessment, determine the appropriate tax liability, and refund any monies paid in excess of the correct amount. The amended complaint also sought punitive damages not to exceed $2,000,000 on the basis of the alleged fraudulent, reckless, malicious, and intentional conduct.

The assessor countered with a motion to dismiss or, in the alternative, for summary judgment arguing that the court was without jurisdiction over the claim because the decedent and/or the administrator failed to exhaust available administrative remedies. The administrator responded to the motion asserting that jurisdiction was proper under the decision of this Court in *Rosewood, Inc. v. Garner*, 476 S.W.2d 273 (Tenn. Ct. App. 1972), and the subsequent decision of the Tennessee Supreme Court in *Fentress County Bank v. Holt*, 535 S.W.2d 854 (Tenn. 1976), because the amended complaint raised purely legal questions regarding the assessment. The court initially agreed, holding that the amended complaint stated a purely legal question with regard to whether the assessor failed to comply with the governing administrative rules. The court nevertheless revisited the issue at a subsequent hearing on competing motions for summary judgment and reversed its prior decision. The chancellor concluded that the amended complaint included a challenge to the valuation of the property at issue – a factual question requiring administrative review. The court dismissed the administrator's claim for lack of jurisdiction and this appeal ensued.

The sole issue on appeal is whether the chancery court correctly held it did not have subject matter jurisdiction. Subject matter jurisdiction concerns a court's lawful authority to adjudicate a controversy and derives in all cases, either explicitly or implicitly, from a

---

[1]Rule 0600-5-.06(5) of the Tennessee State Board of Equalization provides:

(5) In making forced assessments on non-reporting accounts, the following factors shall be considered:
(a) previous data on file for that account;
(b) data from comparable accounts;
(c) data collected during any field visits.

constitutional or legislative act. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citations omitted); *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006) (citations omitted). "The existence of subject matter jurisdiction depends on the nature of the cause of action and the relief sought." *Staats*, 206 S.W.3d at 542 (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). The resolution of whether a court has subject matter jurisdiction is a question of law, which we review *de novo* with no presumption of correctness. *Id.* (citation omitted).

"Two methods are available to challenge a court's subject matter jurisdiction." *Id.* (citations omitted). The most common method is a "facial" challenge, which "makes war on the complaint itself." *Id.* A facial challenge "asserts that the complaint, considered from top to bottom, fails to allege facts that show that the court has power to hear the case." *Id.* (citation omitted). The second method of attack, a "factual" challenge, differs in that it "denies that the court actually has subject matter jurisdiction as a matter of fact even though the complaint alleges facts tending to show jurisdiction." *Id.* at 543. The second method attacks the facts serving as the basis for jurisdiction, whereas the first questions whether the alleged facts, if accepted as true, establish grounds for subject matter jurisdiction. *See id.* at 542-43. The assessor's challenge to subject matter jurisdiction, although resolved at a hearing on summary judgment, is best considered a facial challenge. We will therefore review *de novo* whether, accepting the facts asserted in the complaint as true, the chancery court correctly concluded it did not have jurisdiction.

Chancery courts, in limited circumstances, have jurisdiction to hear direct challenges to the legality of a property assessment. *See Fentress County Bank v. Holt*, 535 S.W.2d 854, 857 (Tenn. 1976); *Rosewood, Inc. v. Garner*, 476 S.W.2d 273, 276 (Tenn. Ct. App. 1972). In cases involving forcibly assessed tangible personal property, a taxpayer generally must first contest the valuation of assessed property before the county board of equalization.[2] *See*

---

[2]The legislature recently amended Tennessee Code Annotated section 67-5-903, which addresses the consequences of failing to file a tangible personal property schedule and the remedies available to those against whom a forced assessment is made. 2009 Tenn. Pub. Acts Ch. 163, §1 (codified at Tenn. Code Ann. § 67-5-903(c)–(d) (Supp. 2009)). The amended statute provides that "[a] taxpayer who fails, refuses or neglects to complete, sign and file the schedule with the assessor of property as provided in subsection (b) shall be deemed to have waived objections to the forced assessment determined by the assessor, subject only to the remedies provided in subsection (d)." Tenn. Code Ann. § 67-5-903(c) (Supp. 2009). In the chancery court, the parties debated whether the amended statute governed this case and whether it effectively eliminated jurisdiction under *Rosewood* and *Fentress County*. We do not interpret the amended provisions, which became effective shortly before the chancellor entered a final order in this case, as eliminating the right to challenge an illegal or void assessment in the chancery court, even if the taxpayer did not file a tangible personal property schedule. Because the application of the amended statute would not change our analysis, we need not address whether it retroactively applied to the events in question.

Tenn. Code Ann. §§ 67-5-903, -1401, -1407 (2006). Taxpayers, however, are able to bypass the administrative process if the suit does not involve a question of valuation and instead concerns a "purely legal question" regarding the validity of the assessment. *Fentress County*, 535 S.W.2d at 857.

The administrator argues that the chancery court has subject matter jurisdiction to hear this case because the complaint raises purely legal issues, namely, whether the application of the thirty-five percent rule was illegal or otherwise inconsistent with state policy. The administrator has done an admirable job of framing the issue as such on appeal; however, the amended complaint tells a different story. The amended complaint clearly disputes both the method of valuation used from 2002 to 2004 and the *actual value* of the decedent's business tangible personal property from 2001 to 2004. The amended complaint asks the court not only to hold that the method of valuation was incorrect but also to determine the correct value of the property admittedly subject to taxation.[3] Further, the administrator specifically alleged that the assessor fraudulently, recklessly, maliciously, and intentionally refused to comply with Rule 0600-50.06(5), thereby overvaluing the decedent's property. These issues are not purely legal issues; they are factual issues best left to the expertise of the county board. *See Rosewood, Inc. v. Garner*, 476 S.W.2d 273, 276 (Tenn. Ct. App. 1972). Thus, the chancery court correctly determined it did not have jurisdiction to hear this case.

The administrator argues, in the alternative, that the chancery court has jurisdiction because the forced assessments were unauthorized civil penalties. The contention is that the assessor, through the application of a flat thirty-five percent increase, intended to penalize taxpayers who failed to file tangible personal property schedules rather than account for an increase in the value of their business properties. The administrator argues that the chancery court has subject matter jurisdiction to review the imposition of penalties. But the administrator cites no case, statutory, or constitutional authority in support of this position. Further, the administrator did not seek relief in the chancery court on the basis that the forced assessment amounted to a civil penalty. We are not convinced under the circumstances that

---

[3]The administrator maintained this position throughout the proceedings before the chancery court. In a memorandum submitted to the court, the administrator argued:

> 4. The issue concerning the value of the tangible personal property is a question of fact left to the fact-finder, not for litigation in a Motion for Summary Judgment. The only disputed facts are those concerning the correct valuation of the property. A determination of this fact should be left for later inquiry and resolution by the Court.
>
> . . . If the assessment is not determined to be void as a matter of law in the Motion [for] Summary Judgment, then a hearing before the fact-finder should be held to determine at what value the property should have been assessed.

describing the forced assessment as a civil penalty is sufficient to provide an end-run around statutory provisions requiring taxpayers to first challenge the valuation of forcibly assessed property before an administrative board. This argument is without merit.

## Conclusion

For the foregoing reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to the appellant, the Estate of William Anthony Lucy, and its surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE