# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 13, 2012

## ORLANDO LADD v.
## TURNEY CENTER DISCIPLINARY BOARD

**Direct Appeal from the Chancery Court for Hickman County**
**No. 11-CV-4459     Timothy L. Easter, Judge**

---

**No. M2011-02599-COA-R3-CV - Filed September 27, 2012**

---

Appellant, an inmate with the Tennessee Department of Correction ("TDOC"), appeals the trial court's dismissal of his appeal for review of disciplinary actions taken against him by the prison, and affirmed by the TDOC Commissioner. The trial court dismissed the appeal for lack of subject matter jurisdiction based upon the expiration of the applicable statute of limitations, Tennessee Code Annotated Section 27-9-102. Discerning no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Orlando Ladd, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William Young, Solicitor General; Pamela S. Lorch, Senior Counsel, for appellee, Turney Center Disciplinary Board.

## MEMORANDUM OPINION[1]

Appellant Orlando Ladd is an inmate of the Tennessee Department of Correction

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("TDOC"). At the time of the incidents giving rise to this case, Mr. Ladd was confined at the Turney Center Industrial Complex. On or about November 1, 2010, Mr. Ladd was called before the prison's disciplinary board to defend himself against charges of assault and "security threat group activities," which allegedly occurred on October 10, 2010. Although Mr. Ladd pled not guilty, the board determined that he was guilty and sentenced him to punishment, including a fine, twenty days punitive confinement, loss of ninety sentence reduction days, and relocation to maximum security. Mr. Ladd then filed appeals to the Warden and to the TDOC Commissioner. The TDOC Commissioner denied the final appeal on January 24, 2011.

On April 15, 2011, Mr. Ladd filed a petition for writ of common law certiorari in the Hickman County Chancery Court, seeking review of the disciplinary actions taken against him. The disciplinary record was forwarded to the trial court, and the Appellees moved for entry of judgment on the record on the ground that the applicable statute of limitations had expired, thus barring the appeal. By Order of October 26, 2011, the trial court determined that it lacked subject matter jurisdiction to review the case as Mr. Ladd's petition was filed outside the sixty day statute of limitations. Specifically, the court held:

> The Court lacks subject matter jurisdiction to review the board's disciplinary proceedings because the petitioner failed to file the petition within the mandatory sixty-day statute of limitations, thus rendering the disciplinary board's decision final and non-reviewable. The TDOC Commissioner denied the last disciplinary appeal[] on January 24, 2011. The petitioner's deadline to file his petition with the court expired on March 25, 2011. The petition is dated April 15, 2011. Thus, the petition was filed after the statute of limitations date and is barred.

Mr. Ladd appeals. The sole issue for review is whether the trial court erred in determining that it lacked subject matter jurisdiction to hear Mr. Ladd's appeal because the applicable statute of limitations had expired.

Before turning to the issue, we note that we are cognizant of the fact that Mr. Ladd is proceeding *pro se* in this appeal, as he was in the trial court, and therefore may not be fluent in the Rules of this Court. However, it is well-settled that, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). Accordingly, " [p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." *Id*.

The trial court's decision regarding the existence of subject matter jurisdiction is a question of law. It follows, therefore, that we will review the lower courts' conclusions regarding subject matter jurisdiction without a presumption of correctness. *See **Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000); *see also **Schutte v. Johnson***, 337 S.W.3d 767, 769 (Tenn. Ct. App. 2010).

Turning to the issue, a challenge to a prison disciplinary board's decision is properly brought by filing a petition for common law writ of certiorari. ***Bonner v. Dep't of Correction***, 84 S.W.3d 576, 582 (Tenn. Ct. App. 2001); ***Rhoden v. State Dep't of Correction***, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998). Tennessee Code Annotated Section 27-9-102 sets out the time for filing the petition:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

The sixty-day statute of limitations is mandatory and jurisdictional. ***Jackson v. Tenn. Dep't of Correction***, 240 S.W.3d 241, 247 (Tenn. Ct. App. 2006). Failure to file the petition within the statutory time limit results in the Board's decision becoming final and, once the decision is final, the trial court is deprived of subject matter jurisdiction. ***Gore v. Tenn. Dep't of Correction***, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003); ***Thandiwe v. Traughber***, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994).[2]

---

[2] Tennessee Rule of Civil Procedure 5.06 provides :

> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. . . . Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.

(continued...)

In *Wilson v. Dep't of Correction*, No. W2005-00910-COA-R3-CV, 2006 WL 325933 (Tenn. Ct. App. Feb. 13, 2006), this Court explained that the latest possible date on which the statute of limitations begins to run is on the date that the TDOC Commissioner denies the prisoner's appeal. *Id* at *5. So, giving Mr. Ladd the benefit of the latest date for the expiration of the statute of limitations, the statute of limitations began to run when the TDOC Commissioner entered the order denying Mr. Ladd's appeal, i.e., January 24, 2011. Accordingly, Mr. Ladd had until March 25, 2011 to file his petition with the Chancery Court. It is undisputed that Mr. Ladd's petition was not filed until April 15, 2011. Thus, the statute of limitations had expired.

In his appellate brief, Mr. Ladd argues that the sixty-day statute of limitations should be tolled because he did not receive the Commissioner's decision as soon as it was rendered. From the record, it appears that Mr. Ladd failed to raise this argument in the trial court. In fact, Mr. Ladd filed no response to Appellees' motion for judgment on the record. It is well settled that this Court "is a court of appeals and errors, and [is] limited in authority to the adjudication of issues that are *presented and decided* in the trial courts, and a record thereof preserved as prescribed in the statutes and Rules of this Court." *In re: Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001) (emphasis added) (internal citation omitted). Thus, "[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal." *Id.* at 32. Regardless of the fact that Mr. Ladd did not specifically raise this argument in the trial court, we note that the statements in his brief clearly indicate that he received the Commissioner's decision before the expiration of the sixty day statute of limitations. Specifically, Mr. Ladd states that he "filed his Petition for Writ of Certiorari 27 days after receiving the Commissioner's decision." Nonetheless, as discussed above, the statute of limitations begins to run on the date of the final appeals decision, *Wilson v. Dep't of Correction*, *supra*, and not on the date that the prisoner receives notice of that decision. Because Mr. Ladd failed to file his petition on or before March 25, 2011, the petition was properly dismissed for failure to comply with the applicable statute of limitations, and the trial court correctly concluded that it lacked subject matter jurisdiction to review the case.

For the foregoing reasons, the order of the trial court is affirmed. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Orlando

---

[2](...continued)

We note that, in the instant case, Mr. Ladd has not argued that his petition was "delivered" for mailing on or before March 25, 2011, the date the statute of limitations expired. Regardless, as set out in Rule 5.06, the burden on timeliness of the filing is on Mr. Ladd. For the reasons discussed in this opinion, we conclude that he has not met his burden to establish compliance with the applicable statute of limitations for filing his petition.

Ladd, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE