IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 4, 2017 Session

## EDWARD RONNY ARNOLD V. BOB OGLESBY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 17C133     Thomas W. Brothers, Judge**

_____

### No. M2017-00808-COA-R3-CV

_____

A former state employee filed suit claiming that he should have been paid for the state holiday on November 27, 2015, because he worked on October 12, 2015, the day from which the holiday was shifted pursuant to Tenn. Code Ann. § 4-4-105(a)(3). His position was terminated before the November 27, 2015 holiday occurred.  The general sessions and circuit courts granted the Department of General Services Commissioner's motion to dismiss based on sovereign immunity.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Edward Ronny Arnold, Nashville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Taylor William Jenkins, Assistant Attorney General, Nashville, Tennessee, for the appellee, Bob Oglesby.

## OPINION

The manner in which this court must consider the facts of this case is governed by the standard of review.  Our Supreme Court has explained that:

> A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1). Challenges to a court's subject matter jurisdiction call into question the court's "lawful authority to adjudicate a controversy brought before it," *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), and, therefore, should be viewed as a threshold inquiry. *Schmidt v. Catholic Diocese of Biloxi*, 2008-CA-00416-

SCT (¶ 13), 18 So.3d 814, 821 (Miss. 2009). Whenever subject matter jurisdiction is challenged, the burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim. *See Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006); 1 Lawrence A. Pivnick, TENNESSEE CIRCUIT COURT PRACTICE § 3:2 (2011 ed.) ("Pivnick").

Litigants may take issue with a court's subject matter jurisdiction using either a facial challenge or a factual challenge. *See, e.g., Schutte v. Johnson*, 337 S.W.3d 767, 769-70 (Tenn. Ct. App. 2010); *Staats v. McKinnon*, 206 S.W.3d at 542. A facial challenge is a challenge to the complaint itself. *See Schutte v. Johnson*, 337 S.W.3d at 769. Thus, when a defendant asserts a facial challenge to a court's subject matter jurisdiction, the factual allegations in the plaintiff's complaint are presumed to be true. *See, e.g., Staats v. McKinnon*, 206 S.W.3d at 542-43.

Alternatively, "[a] factual challenge denies that the court actually has subject matter jurisdiction as a matter of fact even though the complaint alleges facts tending to show jurisdiction." *Staats v. McKinnon*, 206 S.W.3d at 543. Thus, the factual challenge "attacks the facts serving as the basis for jurisdiction." *Schutte v. Johnson*, 337 S.W.3d at 770.

*Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445-46 (Tenn. 2012) (footnotes omitted). "'Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.'" *Chapman v. DaVita, Inc.,* 380 S.W.3d 710, 712-13 (Tenn. 2012) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

In the motion to dismiss for lack of subject matter jurisdiction filed in the circuit court by the defendant, Department of General Services Commissioner Bob Oglesby, there is no challenge as to Mr. Arnold's factual assertions in the complaint. Rather, the Commissioner chose to rely on sovereign immunity. We consider this a facial challenge to subject matter jurisdiction and, therefore, the factual allegations in Mr. Arnold's complaint are taken as true. In addition, in a facial attack, the court must construe the factual allegations in the light most favorable to the nonmoving party, Mr. Arnold. *Anderson v. Watchtower Bible & Tract Soc. of N.Y., Inc.*, No. M2004-01066-COA-R9-CV, 2007 WL 161035, at *2 (Tenn. Ct. App. Jan. 19, 2007).

Mr. Arnold's complaint was filed in Davidson County General Sessions Court. Consequently, it is rather sparse, but to the point:

Failure to comply with T.C.A. 4-4-105(a)(1), pay wages for the Federal and State Holiday of Columbus Day, Plaintiff required to work October 12,

2015 terminated November 24, 2015 but not paid for holiday on November 27, 2015.

Defendant representatives failed to respond to requests for payment.[1]

After the Commissioner's motion to dismiss was granted, Mr. Arnold appealed to the circuit court. There, the Commissioner filed another motion to dismiss, which was granted. Mr. Arnold appealed.

Mr. Arnold represents himself in this litigation.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow,* 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citations omitted).

The Commissioner's written argument on appeal, like his motions to dismiss in the general sessions and circuit courts below, is brief. It rests on the state's sovereign immunity, found in Article I, Section 17 of the Tennessee Constitution and codified in Tenn. Code Ann. § 20-13-102(a), which states:

No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

As we noted earlier, the burden is on the plaintiff, Mr. Arnold, to demonstrate that the court has jurisdiction to adjudicate the claim. We must give effect to the substance of Mr. Arnold's complaint, rather than the form or terminology. *Young*, 130 S.W.3d at 63. As we see it, Mr. Arnold's complaint is as follows: Tenn. Code Ann. § 4-4-105(a)(1) requires each department to be open for business each day except Saturdays, Sundays, and legal holidays. Columbus Day is a legal holiday. Tenn. Code Ann. § 15-1-101. Pursuant

---

[1] It occurs to this court that had the Commissioner's representatives or legal counsel responded to Mr. Arnold and explained why he was not paid for the November 27, 2015 holiday in question, this law suit might have been avoided.

to Tenn. Code Ann. § 4-4-105(a)(3), in 2015 the governor substituted "the Friday after the fourth Thursday in November, which is Thanksgiving Day, for the legal holiday that occurs on the second Monday in October, which is Columbus Day, for purposes of closing state offices only." Thus, Mr. Arnold worked on Columbus Day, October 12, 2015. His job, however, was terminated as of November 24, 2015. Mr. Arnold maintains that he was not, but should have been, paid for the day of November 27, 2015, compensation which he allegedly earned by working October 12, 2015.

We must ask ourselves whether the factual allegations in Mr. Arnold's complaint,[2] taken as true, can support jurisdiction. If so, we must deny the motion to dismiss. The statute relied upon by the state, Tenn. Code Ann. § 20-13-102(a), envisions three criteria that must be met for sovereign immunity to apply. First, the action must be a suit against the state or an officer of the state. Mr. Arnold basically admits this fact in the general sessions court warrant which identifies the defendant as "Bob Oglesby, Commissioner Dept. of General Services."

Second, the officer must be "acting by authority of the state." The Commissioner states that Mr. Arnold "has not alleged any facts that prove Defendant acted outside the authority of the State." Mr. Arnold has alleged in his complaint that he should have been paid for another day but was not. Viewed in the light most favorable to Mr. Arnold, this constitutes an allegation that the Commissioner was not "acting by authority of the state" by failing to pay Mr. Arnold his full wages.[3] The Commissioner maintains that he was "acting by authority of the state" in that "he was fulfilling his duties as Commissioner by making a payroll decision." However, he points this court to no statute or rule in support of his assertion. When asked by this court to point to a statute authorizing the Commissioner to pay state employees, the Commissioner's legal counsel was unable to do so. This question is relevant not only to whether the Commissioner was acting pursuant to authority, but also as to whether there might be a waiver of sovereign immunity. Viewed in the light most favorable to Mr. Arnold, the complaint alleges facts that indicate the second requirement of the statute was not met. Thus, the Commissioner's argument under Tenn. Code Ann. § 20-13-102(a) fails, as does the motion to dismiss.

---

[2] A facial challenge "asserts that the complaint, considered from top to bottom, fails to allege facts that show that the court has power to hear the case." *Wilson v. Sentence Info. Servs.*, No. M1998-00939-COA-R3-CV, 2001 WL 422966, at *4, n. 5 (Tenn. Ct. App. Apr. 26, 2001).

[3] While it is implicit in Mr. Arnold's complaint, we also take judicial notice of the fact that state employees such as Mr. Arnold are paid for the days they work and for legal holidays. *See* TENN. R. EVID. 201(b).

The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the Commissioner of the Department of General Services.

_____
ANDY D. BENNETT, JUDGE