IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2023

## HENRI ETTA BROOKS v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. 0546-GL-49-0500001-001      James A. Hamilton, III, Commissioner**

_____

### No. W2022-01340-COA-R3-CV

_____

The Claims Commissioner dismissed the claimant's claim due to lack of subject matter jurisdiction. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Van Davis Turner, Jr., Memphis, Tennessee, for the appellant, Henri Etta Brooks.

Jonathan Skrmetti, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Eric W. Donica, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

FACTUAL AND PROCEDURAL HISTORY

Henri Etta Brooks ("Claimant") filed a pro se claim for damages against the State of Tennessee ("the State") on February 7, 2022,[1] alleging injuries including "stolen identity, stolen heritage, pain/suffering, relationship issues, [and] stolen biological family." Claimant alleged that, on February 3, 1949, while in the hospital and under the effects of "childbirth sedation," her sixteen-year-old biological mother was approached by a representative of the Tennessee Children's Home Society ("TCHS") regarding surrendering Claimant for adoption. Claimant asserted that the Executive Director of TCHS operated a "black market for selling babies" and received as much as $1,000,000.00 for selling babies through fraudulent means. Claimant further alleged that the State

_____

[1] The claim was transferred to the Claims Commission on April 27, 2022, and Claimant filed a formal complaint for damages with the Claims Commission on May 11, 2022.

provided $60,000.00 per year to TCHS and that the Executive Director of TCHS was a State employee. According to Claimant's allegations, her maternal grandparents attempted to retrieve Claimant from TCHS but were denied the opportunity to retrieve her. Claimant maintained that she was "abducted" from her birth mother and that the State is liable for various acts of "common law negligence" and "gross negligence" related to the circumstances surrounding her adoption, including the State's failure to investigate TCHS and its Executive Director. She also asserted that her claim "arises out of intentional torts and negligence of the State of Tennessee through its employee, [the Executive Director of TCHS]."

The State filed a motion to dismiss, arguing that the claim was barred by the applicable statute of limitations because it was filed approximately seventy-three years after the events in question. Alternatively, the State argued that the Claims Commission lacked subject matter jurisdiction because 1) the claim arose before the State's waiver of sovereign immunity; 2) the claim was based on acts of non-State employees; 3) the claim was based on intentional, criminal, or self-enriching acts of State employees; and/or 4) the claim was based on regulatory activities of the State. In response, Claimant asserted that the discovery rule tolled the statute of limitations and that the Claims Commission retained jurisdiction because State employees negligently allowed a "baby stealing and selling operation to continue although there were complaints."

The Claims Commissioner entered an order granting the State's motion to dismiss on August 25, 2022, reasoning as follows:

> The allegations asserted against [the Executive Director of TCHS] are for willful, malicious or criminal acts or for acts done for personal gain. Even if each alleged act against [the Executive Director] was proven to be true, Claimant would be barred from any recovery by Tenn. Code Ann. § 9-8-207(d) which explicitly states "the state will not be liable for willful, malicious or criminal acts by state employees, or for acts on the part of state employees done for personal gain." The acts of [the Executive Director], as described in the Complaint, were clearly willful, malicious and done for personal gain.

The Claims Commissioner held the statute of limitations issue was pretermitted. Ms. Brooks appeals.

STANDARD OF REVIEW

Appellate review of the decisions of individual claims commissioners and decisions of the Claims Commission are governed by the Tennessee Rules of Appellate Procedure. Tenn. Code Ann. § 9-8-403(a)(1). Tennessee Rule of Appellate Procedure 13(d) requires this Court to review the factual findings of the Claims Commission de novo with a

- 2 -

presumption of correctness. "The presumption must be honored unless this court finds that the evidence preponderates against those findings." *Herron v. State*, No. W2020-01731-COA-R3-CV, 2022 WL 7205663, at *2 (Tenn. Ct. App. Oct. 13, 2022) (citing *Beare Co. v. State*, 814 S.W.2d 715, 717 (Tenn. 1991)). Under Tenn. R. App. P. 13(d), we review questions of law de novo without a presumption of correctness.

ANALYSIS

When considering whether a claim should be dismissed for lack of subject matter jurisdiction pursuant to Tenn. R. Civ. P. 12.02(1), our Supreme Court has explained the review process as follows:

> A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1). Challenges to a court's subject matter jurisdiction call into question the court's "lawful authority to adjudicate a controversy brought before it," *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), and, therefore, should be viewed as a threshold inquiry. *Schmidt v. Catholic Diocese of Biloxi*, 2008-CA-00416-SCT (¶ 13), 18 So.3d 814, 821 (Miss. 2009). Whenever subject matter jurisdiction is challenged, the burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim. *See Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006); 1 Lawrence A. Pivnick, TENNESSEE CIRCUIT COURT PRACTICE § 3:2 (2011 ed.) ("Pivnick").

> Litigants may take issue with a court's subject matter jurisdiction using either a facial challenge or a factual challenge. *See, e.g., Schutte v. Johnson*, 337 S.W.3d 767, 769-70 (Tenn. Ct. App. 2010); *Staats v. McKinnon*, 206 S.W.3d at 542. A facial challenge is a challenge to the complaint itself. *See Schutte v. Johnson*, 337 S.W.3d at 769. Thus, when a defendant asserts a facial challenge to a court's subject matter jurisdiction, the factual allegations in the plaintiff's complaint are presumed to be true. *See, e.g.*, *Staats v. McKinnon*, 206 S.W.3d at 542-43.

*Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445-46 (Tenn. 2012) (footnotes omitted). Here, the State has mounted a facial challenge to the claim; thus, we proceed with our review assuming all of the factual allegations in the claim to be true. *Smith v. Tenn. Nat'l Guard*, 551 S.W.3d 702, 708 (Tenn. 2018).

The concept of sovereign immunity is integral to our review of this case. "The sovereign State of Tennessee is immune from lawsuits '"except as it consents to be sued."'" *Id*. (quoting *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000) (quoting *Brewington v. Brewington*, 387 S.W.2d 777, 779 (Tenn. 1965))). "Exercising its constitutional prerogative to allow suits against the State, the General Assembly in 1984 enacted a

comprehensive procedure for the filing, prosecution, and disposition of monetary claims against the State." *Mullins v. State*, 320 S.W.3d 273, 278-79 (Tenn. 2010). Specifically, the legislature created the Tennessee Claims Commission, which consists of one commissioner from each grand division of the State, to hear and determine all monetary claims against the State. *Id.*; *see* Tenn. Code §§ 9-8-301(a), -307. Tennessee Code Annotated section 9-8-307(a) specifies the causes of action that may be brought against the State and adjudicated by the Claims Commission. *See Ku v. State*, 104 S.W.3d 870, 875 (Tenn. Ct. App. 2002). Tennessee Code Annotated section 9-8-307, specifically subsections (a)(2)-(3) and (d)-(e), places subject matter, temporal, and financial limits on claims.

Ms. Brooks's complaint asserts that the Claims Commission has jurisdiction of her case pursuant to Tenn. Code Ann. § 9-8-307(a)(1)(E) ("Negligent care, custody and control of persons").[2] She alleges two causes of action. First, she asserts a claim for child abduction by Georgia Tann, whom Ms. Brooks alleges is a state employee.[3] Taking this allegation as true, we note that the State of Tennessee is not "liable for willful, malicious, or criminal acts by state employees, or for acts on the part of state employees done for personal gain." Tenn. Code Ann. § 9-8-307(d). Therefore, Ms. Brooks's first claim must fail.

Ms. Brooks's second cause of action is based on negligence, either by act or omission, of state agents. She makes the following assertions of negligence:

a. In negligently failing to timely investigate the accounts of the black market for babies.

b. In negligently failing to ensure and maintain proper guidance, policies, and procedures for its employees, and agencies, specifically the Tennessee Children's Home Society.

c. In negligently failing to hold accountable its employees and agencies in the expenditure of tax payer funds.

---

[2] Although Ms. Brooks mentions jurisdiction under the Criminal Injuries Compensation Act provision, Tenn. Code Ann. § 9-8-307(a)(1)(S), the matter was not actually pled as a Criminal Injuries Compensation Act action. No written documentation of expenses was submitted and no information was included in the complaint to establish that the requirements of Tenn. Code Ann. § 29-13-108(a) were satisfied. Neither the Claims Commission nor the parties treated this as a Criminal Injuries Compensation Act claim and, therefore, neither will this Court.

[3] Ms. Brooks also alleges that Georgia Tann was the Executive Director of the Tennessee Children's Home Society–Memphis branch, and that the Tennessee Children's Home Society was a non-profit corporation.

d. In negligently failing to establish, implement, and monitor programs, policies, and practices of its child serving agencies and employees, specifically the Tennessee Children's Home Society.

e. In negligently failing to establish, implement, and monitor programs, policies, and practices of its child serving agencies, specifically the Tennessee Children's Home Society.

f. In negligently failing to provide oversight of the financial affairs of its child serving agencies, specifically the Tennessee Children's Home Society-- Memphis branch.

g. In negligently failing to hold its employees accountable for unauthorized acts, specifically Tennessee Children's Home Society.

h. In negligently failing to establish protocols of care for the health and safety of children in the custody of the Tennessee Children's Home Society.

i. Georgia Tann, M. Hindman and other members of Tann's baby abduction network committed the foregoing acts while in the scope and furtherance of their employment, and the acquiescence of their employer, the State of Tennessee. Therefore, the State of Tennessee is individually, vicariously, jointly, and severally liable for the intentional aforesaid acts of Georgia Tann, May Hindman and other employees of the State of Tennessee, specifically the Tennessee Children's Home Society.

j. In negligently failing to act upon notice from reputable sources such as Probate Judge Bates, who in 1946 wrote a seven page letter to William Shoaf, then Commissioner of Public Welfare under Governor Jim McCord, Bates requested a complete, thorough, and unbiased investigation of the Memphis branch of the Tennessee Children's Home Society.

k. In negligently failing to investigate and hold Georgia Tann accountable upon notice from newspaper accounts of her activities, the Child Welfare League, and Judge Bates, all prior to 1949.

In her response to the State's motion to dismiss, Ms. Brooks summed up her complaint against the State very well by stating:

In the instant matter, state employees negligently and recklessly allowed for Georgia Tann's black matter [sic] baby stealing and selling operation to continue although there were complaints. As a result of the State's omissions, Claimant was unlawfully and illegally taken from her biological mother and placed into the care and custody of another family.

The acts and omissions described by Ms. Brooks are not included in the subjects for which she can sue the State of Tennessee pursuant to the Claims Commission Act because the act specifically excludes "negligence committed by the state in the course of performing licensing or regulatory activities." Tenn. Code Ann. § 9-8-307(a)(2). Ms. Brooks's second claim must also fail.

Tennessee Code Annotated section 9-8-307(a)(3) places a temporal limit on claims against the State: "It is the intent of the general assembly that the claims commission shall only hear claims arising on or after January 1, 1985. All claims arising prior to January 1, 1985, are to be governed by the law as it was prior to that date." Ms. Brooks maintains that her claim arose on or about April 23, 2021, when she received her adoption records and that she could not have known that she had a cause of action earlier. Thus, she seeks to take advantage of the discovery rule to extend the time for filing. The discovery rule, however, addresses when a statute of limitations begins to run. *Robinson v. Baptist Mem'l Hosp.*, 464 S.W.3d 599, 607-08 (Tenn. Ct. App. 2014). The discovery rule has no application in this case because Tenn. Code Ann. § 9-8-307(a)(3) does not establish a statute of limitations for filing a claim in the Claims Commission. Rather, it limits the cases the Claims Commission may hear to those that have arisen on or after January 1, 1985. Tennessee Code Annotated section 9-8-307(a)(3), therefore, establishes another bar to Ms. Brooks's claims.

We affirm the Claims Commissioner's decision to dismiss the claim for lack of subject matter jurisdiction.

CONCLUSION

The judgment of the Claims Commission is affirmed. Costs of this appeal are assessed against the appellant, Henri Etta Brooks, for which execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE